IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION


JOHN D. STREET, JR.                                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO.4:06CV206-MPM-JAD

ROSALIND JOHNSON, et al.                                                                      DEFENDANTS

## REPORT AND RECOMMENDATION

This matter came before the undersigned on September 3, 2009 for an evidentiary hearing. The plaintiff moved for a default judgment against the sole remaining defendant Rosalind Johnson. Johnson was personally served with process of the court on February 29, 2008. She failed to answer or otherwise appear in this action. On May 30, 2008 there was an entry of default. The plaintiff is entitled to a default judgment against the defendant Rosalind Johnson.

The plaintiff testified regarding his damages. Beginning in 2004 the defendant Johnson, then a corrections officer with the Mississippi Department of Corrections, in the words of the plaintiff, "persuaded" him to have a sexual relationship with her. Thereafter he began experiencing breakouts with sores and blisters in his genital region. He made inquiries of Johnson regarding the possibility that he had acquired a disease from her. Johnson feigned ignorance of any possible cause for his problem. Johnson never acknowledged that she had infected Street. He suffered with repeated outbreaks during the period of time prior to a diagnosis being made. He testified that he continues to have recurrences of the disease and to be suffering from a recurrence at this time. The undersigned finds that this relationship between a corrections officer and an inmate amounted to an abuse of her position and authority by the defendant Rosalind Johnson. However the plaintiff also bears responsibility for this the improper relationship as he does not appear to

have been an unwilling participant. The undersigned finds that Johnson infected Street during the course of this improper relationship and should be held liable to Street for a portion of the resulting damages.

Street also testified that Johnson told him that she would obtain an attorney to assist him in his criminal case. Johnson led Street to believe that she would pay $2000 towards the retainer of an attorney if he could obtain $3000. Street testified that he was able to obtain $3000 from family and friends and that his brother personally delivered the money to Johnson. Thereafter no attorney was retained for Street and the money was never returned to Street or his family. The court finds that Johnson is liable to Street to repay these funds.

Street testified that there was an incident in which he stabbed Johnson resulting in minor injuries to her. He blames Johnson for provoking the attack. He has previously claimed that two other corrections officers injured him while restrained in the aftermath of the incident. He sought to testify regarding injuries flowing out of this purported assault on him. Johnson is not liable to Street for any damages he may have sustained as result of any actions by these other corrections officers after the stabbing incident.

The undersigned recommends that a default judgment be entered against the defendant Rosalind Johnson and that Street be awarded damages in the amount of $5,000.00 for being infected by Johnson during the course of their relationship. The undersigned further recommends that judgment be entered against Johnston and in favor of Street in the amount of $3000.00 representing the funds given to Johnson and appropriated by her.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to

file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THIS the 4th day of September, 2009.

/s/ JERRY A. DAVIS_____ \_\_\_\_
UNITED STATES MAGISTRATE JUDGE